IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02 C 8678 |
| ) | Judge Norgle |
| v. ) | Magistrate Brown |
| ) | |
| PACIFIC FIRST BENEFIT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING

To: See attached Service List

PLEASE TAKE NOTICE that on Wednesday, February 25, 2003, the Plaintiff, Federal Trade Commission, filed the attached **Agreed Discovery Plan** with the United States District Court for the Northern District of Illinois, Eastern Division, copies of which are attached hereto.

Dated: February 25, 2003

FEDERAL TRADE COMMISSION

WILLIAM E. KOVACIC
General Counsel

KAREN D. DODGE
JOHN C. HALLERUD
Attorneys for Plaintiff
Federal Trade Commission
55 East Monroe Street, Suite 1860
Chicago, Illinois 60603
(312) 960-5634

## CERTIFICATE OF SERVICE

I, Karen D. Dodge, an attorney, hereby certify that on February 25, 2003, I caused to be served true copies of the Agreed Discovery Plan, a copy of which is attached hereto, by first class mail, to:

Andrew N. Cove
Hector E. Lora
Cove & Associates, P.A.
Attorneys for Defendants
225 South 21st Avenue
Hollywood, Florida 33020

Daniel S. Reinberg
Foley & Lardner
Local counsel for Defendants
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611-3608

Karen D. Dodge
Attorney for Plaintiff
Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 2 6 2003

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>PACIFIC FIRST BENEFIT, LLC, et al.,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. 02 C 8678<br>Judge Norgle<br>Magistrate Brown |

FILED
FEB 25 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## AGREED DISCOVERY PLAN

The parties hereby submit their Agreed Discovery Plan pursuant to this Court's order of February 11, 2003.

### I. SUBJECTS FOR DISCOVERY

**A. Plaintiff**

Plaintiff will seek discovery on Defendants' financial conditions, including sales and ability to pay consumer redress; identification of Defendants' customers; nature of Defendants' business practices and sales representations; mechanisms and contractual arrangements through which Defendants were able to debit consumer bank accounts; and the role of individual persons participating in Defendants' business practices.

Plaintiff anticipates seeking third party discovery. In particular, Plaintiff anticipates seeking documents from United States and Canadian law enforcement authorities, Canadian financial institutions, and other Canadian businesses, such as telephone companies. Discovery from Canadian entities may be cumbersome and slow because of the procedures that are required to be followed, such as using letters rogatory.

### B. Defendants

The defendants will conduct discovery on the following issues:

(i) The factual basis for plaintiff's claim that the defendants, or their employees or agents, violated 15 U.S.C. §45(a) (the "FTC Act") and 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.4(a)(4) by falsely representing to consumers, directly or by implication, that after paying defendants a fee, consumers will, or are highly likely to, receive an unsecured major credit card, such as a Visa or MasterCard.

(ii) Whether and to what extent consumers suffered monetary loss or damages as the result of the defendants' allegedly unfair or deceptive acts or practices in or affecting commerce.

(iii) Whether the defendants have been unjustly enriched as a result of their allegedly unfair or deceptive acts or practices in or affecting commerce.

(iv) Whether the defendants are likely to continue their allegedly unfair or deceptive acts or practices in or affecting commerce.

(v) The factual basis or amount of any money judgment sought by the plaintiff for rescission, restitution or disgorgement of profits or other monies paid to defendants by consumers.

### II. DISCOVERY SCHEDULE

All discovery shall be commenced in time to be completed by December 31, 2003.

Each party may propound a maximum of 25 interrogatories to any other party. Responses are due thirty days after service.

Responses to requests for production of documents are due 30 days after service.

Responses to requests to admit are due 30 days after service.

Unless otherwise stipulated in writing by the parties pursuant to Rule 29, Federal Rules of Civil Procedure, each party may take a maximum of 10 depositions. Pursuant to Rule 30(d)(2), Federal Rules of Civil Procedure, each deposition is limited to a maximum of 7 hours, unless otherwise authorized by the court or stipulated by the parties.

Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiff by October 1, 2003;

from Defendants by October 15, 2003.

Respectfully submitted,

Dated: 2/25/03

*/s/ Karen D. Dodge*
KAREN D. DODGE
JOHN C. HALLERUD
Attorneys for Plaintiff
Federal Trade Commission
55 East Monroe Street, Suite 1860
Chicago, Illinois 60603
(312) 960-5634

Dated: 2/25/03

*/s/ Hector E. Lora*
HECTOR E. LORA
Cove & Associates, P.A.
Attorneys for Defendants
225 South 21st Avenue
Hollywood, Florida 33020
(954) 921-1121

DANIEL S. REINBERG
Foley & Lardner
Local counsel for Defendants
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611-3608
(312) 755-1900

3